IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW ZINMAN,<br>              Plaintiff, | CIVIL ACTION |
| v. | |
| VANTAGE LEARNING, LLC, VANTAGE LEARNING (USA), LLC, MCCANN ASSOCIATES, INC., BRIAN GIBNEY AND PETER MURPHY,<br>              Defendants. | NO. 16-2068 |

## MEMORANDUM OPINION

After Matthew Zinman was fired from his position as a Sales Representative following a period of medical leave, he brought claims under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*., and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12101 *et seq*. His employer, Defendant McCann Associates, Inc. ("McCann"), counterclaimed for fraud, breach of contract, and unjust enrichment. McCann alleges that Zinman was terminated because he made false statements and omitted material information in connection with his employment application, misrepresented his disability, and breached his employment contract by moonlighting for his own business. Zinman has now moved to dismiss McCann's Counterclaims and to strike certain allegations in the pleadings.

    I.        FACTUAL BACKGROUND

In May 2014, Zinman applied to be a Regional Sales Representative for McCann. He was hired for the position and started work a short while later. The resumé he submitted to McCann did not identify his immediately prior employer which, unbeknownst to McCann, had filed suit against Zinman for breach of contract, conversion, and fraud.

According to McCann, during the entire period of Zinman's employment, he focused his attention on soliciting funds for and promoting his own business. Additionally, on McCann's time and

McCann's dime, he attended court hearings related to both the matter filed against him by his former employer and to proceedings related to his filing for bankruptcy.

After Zinman had been with McCann for a year and some months, he informed his employer that he was bipolar and suffered from manic depression. According to McCann, Zinman requested and was granted a leave of absence as unaccrued vacation time and, later, an unpaid leave of absence in order to manage his disability. He then submitted a request for unemployment benefits. Despite his purported disability, while on leave, Zinman engaged in work related to his own business: he made a video, posted a slide presentation online, solicited donations, and sold "Internship eToolkit" licenses – all for his own company. McCann fired him in June 2016.

## II.     LEGAL STANDARD

For the purposes of this motion, the facts McCann alleges in its counterclaims will be accepted as true and viewed in the light most favorable to McCann as the non-moving party. *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989) (citations omitted). To survive a motion to dismiss, each of the counterclaims must contain sufficient factual allegations, accepted as true, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In light of *Twombly,* 'it is no longer sufficient to allege mere elements of a cause of action; instead a complaint must allege facts suggestive of [the proscribed conduct].'" *Great W. Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 177 (3d Cir. 2010) (quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

## III.    DISCUSSION

Zinman posits that McCann's counterclaims must be dismissed on jurisdictional grounds pursuant to Federal Rule of Civil Procedure 12(b)(1). Each of the counterclaims are state law claims and, accordingly, are subject to the Court's supplemental jurisdiction only if they arise out of the same transaction or occurrence that forms the basis of the original claim. *Great Lakes Rubber Corp. v.*

*Herbert Cooper Co.*, 286 F.2d 631 (3d Cir. 1961). A counterclaim that arises out of the transaction or occurrence that is the subject matter of an opposing party's claim is a compulsory counterclaim within the meaning of Fed. R. Civ. P. 13(a). Any counterclaim that is not compulsory is a permissive counterclaim. Fed. R. Civ. P. 13(b). Plaintiff's argument is that this Court lacks subject matter jurisdiction because the counterclaims are all state law claims and are all permissive rather than compulsory.

A review of McCann's allegations, considered as true for the purposes of this motion, leads to the conclusion that the counterclaims are compulsory in that they arise out of the same transaction or occurrence that is the subject matter of Zinman's claims. Fed. R. Civ. P. 13(a); *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "[A] counterclaim is compulsory if it bears a 'logical relationship' to an opposing party's claim. The phrase 'logical relationship' is given meaning by the purpose of the rule which it was designed to implement. Thus, a counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts. Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action." *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 643 (3d Cir. 1961) (internal citations omitted).

Zinman's FMLA and ADA claims are premised on his employer's alleged failure to accommodate his disability, the requirement that he take a block of unpaid leave, and his termination. McCann contends that Zinman's conduct during his recruitment and employment created its causes of action against him. Specifically, the fraud, breach of contract, and unjust enrichment counterclaims are premised on allegations that Zinman omitted material information from his employment application, misrepresented his disability, performed deficiently in his role, engaged in unauthorized secondary

3

employment, staged a "sick-out" so he could pursue his own business venture, and was ultimately terminated for poor performance. McCann asserts that this alleged misconduct both served as the basis for Zinman's termination and constituted fraud, breach of contract, and unjust enrichment. Since the misconduct McCann alleges as the basis for its counterclaims is both factually and legally intertwined with Zinman's claims, the counterclaims bear a logical relationship with the facts and issues set forth in the Complaint and are compulsory counterclaims over which the Court has jurisdiction. Moreover, the claims and counterclaims involve the same parties, overlapping witnesses, the same time period, factual background, factual issues, and documents and other evidence. To require that these claims be litigated separately – the claims in federal court and counterclaims in state court – would result in substantial duplication of effort and time by the parties and the courts.

    A. Breach of Contract

Zinman seeks dismissal of McCann's breach of contract counterclaim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). To maintain its breach of contract counterclaim, McCann must have alleged: (1) the existence of a contract; (2) breach of duty under that contract; and (3) resulting damages. *Lackner v. Glosser*, 892 A.2d 21, 30 (Pa. Super. 2006).

McCann has sufficiently alleged the existence of a written employment contract, as well as its terms. Specifically, it alleges that the contract consisted of the offer letter, employment agreement signed by Zinman, and employee handbook – each of which is attached to its counterclaims. The breach, McCann alleges, flows from Zinman's violation of a section of the handbook that prohibits secondary employment. In Pennsylvania, employers can create legally binding contracts with at-will employees via an employment handbook. *Martin v. Capital Cities Media, Inc.*, 354 Pa. Super. 199, 221 (1986) ("Importantly, we do not mean to say that an employer cannot create a legally binding "contract" with his employees via an employment handbook."). *See also Braun v. Wal-Mart Stores, Inc.,* 24 A.3d 875, 939-43 (Pa. Super. 2011) (holding that the intention of the parties is the ultimate guide to whether

an employer and employee intended to modify the employee's at-will status, and finding the employee handbook to constitute a unilateral contract); *Caucci v. Prison Health Servs., Inc.,* 153 F.Supp.2d 605, 611 (E.D. Pa. 2001) (holding that provisions in an employee handbook can constitute a unilateral offer of employment which an at-will employee accepts by continuing performance).

McCann has also sufficiently alleged a breach of that contract: a violation of the "Secondary Employment" section of the employee handbook which mandates that "[n]o employee shall accept or engage in any activity, business, or employment, either during or after working hours that would conflict with the Company's interests."

Finally, McCann has adequately pled damages in the form of loss of salary paid to Zinman, as well as travel and other work related reimbursements.

Accordingly, McCann's breach of contract counterclaim shall not be dismissed.

B. <u>Unjust Enrichment</u>

Zinman also moves to dismiss McCann's unjust enrichment counterclaim for failure to state a claim under Rule 12(b)(6). The elements of an unjust enrichment claim are: (1) benefits conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. *Durst v. Milroy Gen. Contracting, Inc.*, 52 A.3d 357, 360 (Pa. Super. 2012) (citing *Schenck v. K.E. David, Ltd.*, 666 A.2d 327, 328 (Pa. Super. 1995)).

A cause of action for unjust enrichment is a claim whereby one party seeks restitution for benefits conferred on and retained by a party "who offered no compensation in circumstances where compensation was reasonably expected." *White v. Conestoga Title Ins. Co.*, 53 A.3d 720, 723 n.6 (Pa. 2012); *see also Roethlein v. Portnoff Law Assocs., Ltd.*, 81 A.3d 816, 825 n.8 (Pa. 2013) ("Unjust enrichment is the retention of a benefit conferred by another, without offering compensation, in circumstances where compensation is reasonably expected, for which the beneficiary must make

5

restitution.") (citing *American and Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 2 A.3d 526, 532 n.7 (Pa. 2010)).

"The touchstone of a meritorious claim [for unjust enrichment] is 'the transfer of a benefit without adequate legal ground' rather than 'unjust enrichment in any . . . broad sense.'" *Enslin v. The Coca-Cola Company*, 136 F.Supp.3d 654, 676 (E.D. Pa. 2015) (citation omitted). "Unjustified enrichment is enrichment that lacks an adequate legal basis; it results from a transaction that the law treats as ineffective to work a conclusive alteration in ownership rights. Broadly speaking, an ineffective transaction for these purposes is one that is nonconsensual." Restatement (Third) of Restitution and Unjust Enrichment § 1 cmt. b. McCann alleges that Zinman was unjustly enriched by accepting $110,207.85 in wages and $15,691.31 in expenses without fulfilling his good-faith obligations to earn his salary and expenses. It does not allege that it transferred Zinman's salary and expenses without adequate legal basis. Rather, it asserts that it paid Zinman pursuant to an employment agreement and that both parties consented to the transactions at the time of payment. These allegations do not sufficiently state a claim for unjust enrichment.

    C.  Fraud

Zinman seeks dismissal of McCann's fraud counterclaim on the basis that McCann has not pleaded fraud with particularity. This theory is unavailing. Federal Rule of Civil Procedure 9(b) requires a party to "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which [it is] charged." *Federico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004)). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Id*. at 200.

Here, McCann refers to four specific emails in which Zinman sought and was granted disability leave, a letter Zinman submitted from his physician describing the nature of his disability, and two

specific instances of Zinman working for his own entity during his disability leave in February 2016. McCann pleads that these misrepresentations were made knowingly, with the intent that McCann rely on them, and that McCann did justifiably rely on them to its detriment.[1] These allegations are sufficient to put Zinman on notice of the precise misconduct with which he is charged and to inject some measure of substantiation into the fraud claim, and, thus, they are sufficient to withstand a motion to dismiss.

    D.  <u>Zinman's Motion to Strike Scandalous Allegations</u>

Turning finally to Zinman's Motion to Strike Scandalous Allegations, Zinman first argues that McCann's entire Answer should be stricken from the docket because it contains scandalous and spurious allegations unrelated to any legal claims or defenses in the case. Specifically, Zinman objects to McCann including information about his work history – particularly the details of litigation between Zinman and his prior employer – and asserts that these allegations have no bearing on the instant claims and defenses.

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although a court "'possesses considerable discretion in disposing of a motion to strike under Rule 12(f),' such motions are 'not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.'" *Adams v. Cnty. of Erie, Pa.*, 2009 WL 4016636 at *1 (W.D. Pa. Nov. 19, 2009) (internal quotations omitted). Striking some or all of a pleading is therefore considered "'a drastic remedy to be resorted to only when required for the purposes of justice' and should be used 'sparingly.'" *DeLaCruz v. Piccari Press*, 521 F.Supp.2d 424, 428 (E.D. Pa. 2007). To prevail on a motion to strike, the moving party must demonstrate that "the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or

---

[1] Zinman contends that the damages claim in Count I should be stricken for failure to itemize damages "as required by Fed. R. Civ. P. 9(b)." However, Zinman has pointed to no authority indicating that Rule 9(b) requires damages in a fraud claim to be itemized.

[that] the allegations confuse the issues." *Id.* (citations omitted). Zinman has not met that burden. The essence of McCann's counterclaims is that Zinman engaged in a scheme to stage a "sick-out" under the guise of disability, thereby enabling him to pursue his own personal business activities. If McCann can establish that Zinman intentionally misrepresented his prior work history when he applied for employment with McCann, this may provide evidence of such a scheme.

Zinman objects next to McCann attaching documents containing his email address, contact information, resume, and full employment history as exhibits accessible to the public. McCann has attached twenty exhibits – Exhibits A to T – to its Answer. Specifically, Exhibit A contains two documents: first, a letter formally offering Zinman employment at McCann ("Offer Letter"); second, a document entitled "Employment Agreement," signed by Zinman ("Employment Agreement"). Exhibit B is the Vantage Employee Handbook, revised in December 2015 ("Employee Handbook"). Exhibit C is the 2014 McCann Sales Team Compensation Plan ("Compensation Plan"). Exhibit D is Zinman's resume, which includes his professional experience and his home address, telephone number, and personal email address. Exhibit E is a complaint against Zinman filed by his former employer in 2012. Exhibits F, G, H, I, J, K, L, N, O, P, Q, S, and T contain emails sent by Zinman to himself and others while employed by McCann, and contain his personal email address and former work email address. Exhibit M is a written agreement between a consultant and The Internship Institute ("TII"), which is alleged by McCann to be Zinman's own business entity. Exhibit R is a document related to TII, alleged by McCann to be a logo Zinman created while employed by McCann.

"A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed. R. Civ. P. 10(c). "Exhibits solely containing evidentiary matter, such as depositions, are not considered 'written instruments' under Rule 10(c) and are typically excluded from consideration of the pleadings." *J.B. Hunt Transport, Inc. v. Liverpool Trucking Co., Inc.*, 2013 WL 3208586, at *3 (M.D. Pa. 2013); *see also Rose v. Bartle*, 871 F.2d 331, 340 n.3 (3d Cir. 1989) ("[T]he types of exhibits

8

incorporated within the pleadings by Rule 10(c) consist largely of documentary evidence, specifically, contracts, notes, and other 'writing[s] on which [a party's] action or defense is based' . . . . '[L]engthy exhibits containing . . . evidentiary matter should not be attached to the pleadings.'").

The Offer Letter (Exhibit A), Employment Agreement (Exhibit A), Employee Handbook (Exhibit B), and Compensation Plan (Exhibit C) are clearly evidence on which McCann's counterclaims are based and are appropriately incorporated in the pleadings by Rule 10(c).  Exhibits D to T, however, contain evidentiary matter and their inclusion at the initial pleading stage procedurally "blur[s] the distinction between summary judgment and dismissal for failure to state a claim upon which relief could be granted."  *Rose*, 871 F.2d at 340 n.3.  Accordingly, Zinman's Motion to Strike will be granted with respect to Exhibits D to T, but denied with respect to Exhibits A to C.

An appropriate Order follows.

Dated: **January 30, 2017**

                **BY THE COURT:**

                **/S/WENDY BEETLESTONE, J.**

                _____
                **WENDY BEETLESTONE, J.**